PROB 12C
(6/16)

Report Date:  May 7, 2026

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 07, 2026

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

ECF No 176

Name of Offender: Jared Allen Flett          Case Number: 0980 2:18CR00231-TOR-1

Address of Offender: ███████████████ , Spokane, Washington 99201

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: May 29, 2019

| | | |
|---|---|---|
| Original Offense: | Sexual Abuse of a Minor, 18 U.S.C. §§ 1153, 2243(a) | |
| Original Sentence: | Prison - 36 months;<br>TSR - 120 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(August 3, 2022) | Prison - 6 months;<br>TSR - 108 months | |
| Revocation Sentence:<br>(October 11, 2023) | Prison - 5 months;<br>TSR - 60 months | |
| Revocation Sentence:<br>(October 9, 2024) | Prison - 9 months;<br>TSR - 60 months | |
| Asst. U.S. Attorney: | Alison L. Gregoire | Date Supervision Commenced: June 24, 2025 |
| Defense Attorney: | Lorinda Meier Youngcourt | Date Supervision Expires: June 23, 2030 |

---

### PETITIONING THE COURT

To issue a warrant.

On August 1, 2025, Mr. Jared Flett signed his conditions relative to case number 2:18CR00231-TOR-1, indicating he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence**: Mr. Jared Flett is alleged to have violated standard condition number 13, by residing away from his assigned residence on multiple occasions over the past several months, and most recently occurring the evening of May 6, 2026, in conflict with officer directives, and based on both officer investigation, and the subject's own admission of such conduct. |

**Prob12C**
**Re: Flett, Jared Allen**
**May 7, 2026**
**Page 2**

Specifically, in the weeks preceding the date of this petition, the undersigned officer began to receive collateral information that Mr. Flett was not residing at his assigned address of record. Mr. Flett is a registered sex offender, and had been provided on numerous occasions specific direction by the undersigned officer that he was not to reside away from his assigned address of record for even a single night, without the approval of the undersigned officer, so as to ensure that any temporary accommodations were verified to fit within those requirements identified in his ordered conditions of supervised release. Mr. Flett continues to admit having previously received the directive.

On May 6, 2026, at approximately 6:51 p.m., the undersigned officer attempted an unscheduled home contact with Mr. Flett at his address of record. The undersigned officer was able to make contact with one of Mr. Flett's roommates, who verified that Mr. Flett was not present at the residence, and who granted access to Mr. Flett's shared bedroom. The undersigned officer left a business card on Mr. Flett's pillow requesting contact upon receipt of the card.

On May 7, 2026, at 6:23 a.m., the undersigned officer again conducted unscheduled home contact with Mr. Flett at his address of record, and was able to make contact with a different roommate, who both confirmed that Mr. Flett had not resided at the address last night, and who again provided access to Mr. Flett's shared room. The undersigned officer observed that the business card previously left for Mr. Flett at the residence remained on his pillow. In addition, his bed, and the few personal belongings that he maintains at the residence, appeared undisturbed.

On May 7, 2026, at approximately 6:35 a.m., the undersigned officer arrived at a location known to be his girlfriend's apartment complex on the south hill. Mr. Flett was previously provided specific instruction to not frequent or stay at the residence even temporarily, as his girlfriend has a minor-aged child who resides in the apartment.

At 7:27 a.m., Mr. Flett was observed and photographed by the undersigned officer, to have exited the apartment. Mr. Flett was contacted near this officer's vehicle in the parking lot, and confronted as to his presence at the residence. Mr. Flett initially adamantly denied that he had resided at the address last night. The undersigned officer advised Mr. Flett of this officer's intent to speak with his significant other and these parties returned to the apartment from which he had exited. After a notable amount of time, the subject's significant answered the door and invited these parties into the residence. Clearly present at the time of contact and on the living room floor was the infant child. Both parties adamantly denied that Mr. Flett had resided at the residence last night, both indicating that he had stayed at his address of record the evening prior.

Upon again exiting the residence, Mr. Flett was confronted as to the undersigned officer's knowledge that he had not resided at his address of record the night prior. After being confronted on multiple occasions as to his obvious and blatant dishonestly, Mr. Flett then changed his story to his having stayed "around" last night. Eventually, Mr. Flett admitted that he had been staying at the apartment with his significant other and her minor aged child about once per week during recent past. Mr. Flett admitted that he knew that this conduct was in direct conflict with officer directives.

**Prob12C**
**Re: Flett, Jared Allen**
**May 7, 2026**
**Page 3**

**Standard Condition # 7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Flett is alleged to have violated standard condition number 7 by not holding any form of gainful employment since his release to supervised release as of June 24, 2025.

Specifically, on June 24, 2025, Mr. Flett released to his current term of supervised release. During the current term of supervision, numerous strategies have been employed to assist Mr. Flett is securing employment, to include his being provided an extensive list of second chance employers, his having been assigned multiple based community employment specialists, his having submitted verification of applications submitted to the undersigned officer, his having been referred to job fairs and community resources, and his having been assigned to the Spokane Residential Reentry Center, where he was assigned a case manager and an employment specialist.

Notwithstanding this information, Mr. Flett has remained unemployed since the inception of the current term of supervised release, indicating that he has difficulty securing employment due to his criminal history and appearance.

**Special Condition #2**: You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

**Supporting Evidence**: Mr. Jared Flett is alleged to have violated special condition number 2, by periodically residing in a home with a minor aged child present on multiple occasions over the past several months, and most recently occurring the evening of May 6, 2026, based on both officer investigation, and the subject's own admission of such conduct.

Specifically, on May 7, 2026, at 6:35 a.m., the undersigned officer began conducting community surveillance of an address known to be where the subject's significant other resides. At approximately 7:27 a.m., the undersigned officer observed Mr. Flett exit the apartment, after which he was confronted by the undersigned officer. The undersigned officer was subsequently able to verify that his significant other's infant aged child was present with the apartment on the day in question.

When questioned, Mr. Flett initially indicated that he had stayed at his primary residence last night, and that he had only arrived a few minutes prior to his contact with this officer, to pick

Prob12C

**Re: Flett, Jared Allen**
**May 7, 2026**
**Page 4**

up clothing. Both statements were known to the undersigned officer to be false. Mr. Flett then indicated that he thought his presence at the residence was acceptable, as it was brief, and as he had had no contact with the child. Mr. Flett eventually admitted to having stayed at the residence last night while the minor-aged child was present, and further, that he had been staying at the residence on a regular basis, at a rate of about 1 time per week. Mr. Flett eventually admitted that he knew his proximity to the child was a violation of his conditions, regardless of whether he had physical contact with the child.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   May 7, 2026

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

## THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Thomas O. Rice

Signature of Judicial Officer

5/7/2026

Date